NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10158 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00643-DLR-1 |
| v. | |
| BOBBY LEE SEELY, Jr., AKA Bobby Seely, Jr., AKA Bobby Lee Seely-Bey, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Bobby Lee Seely, Jr. appeals from the district court's judgment and

challenges the 80-month sentence imposed following his guilty-plea conviction for

making a false statement in connection with attempting to acquire a firearm, in

violation of 18 U.S.C. § 922(a)(6).  Pursuant to *Anders v. California*, 386 U.S. 738

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(1967), Seely's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Seely the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Seely waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80-81 (1988), discloses no arguable grounds as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal except as to supervised release special conditions 3 and 5, which involve an unconstitutional delegation of authority under *United States v. Nishida*, 53 F.4th 1144, 1151-55 (9th Cir. 2022). In view of this decision, and the government's letter stating that it does not "oppose vacatur and remand of Special Conditions #3 and #5 . . . to permit the district court to impose the District of Arizona's post-*Nishida* conditions," we vacate special conditions 3 and 5 and remand for the district court to modify them in a manner consistent with *Nishida*.

Counsel's motion to withdraw is **GRANTED**.

**DISMISSED in part; VACATED in part; and REMANDED with instructions.**